(No. 27166.—Cause transferred.)
METROPOLITAN LIFE INSURANCE COMPANY, for use, etc.,
*vs.* PARK CASTLES APARTMENT BUILDING CORPORA-
TION *et al.*—(H. M. PHIPPS *et al.*, Appellants, *vs.*
METROPOLITAN LIFE INSURANCE COMPANY, Appellee.)

*Opinion filed September 21, 1943.*

H. M. PHIPPS, for appellants and *pro se.*

FOLLANSBEE, SHOREY & SHUPP, (ROBERT W. SCHUPP,
and FREDERIC BARTH, of counsel,) for appellee.

MR. JUSTICE GUNN delivered the opinion of the court:

A direct appeal has been brought to this court from
an order of the superior court of Cook county dismissing
a suit in which "Metropolitan Life Insurance Company, a
corporation, For Use, etc." is plaintiff, because H. M.
Phipps, plaintiff's attorney, had, without authority, insti-
tuted the suit in the name of such corporation. The de-
fendants named in the complaint are Metropolitan Life
Insurance Company, a corporation, Park Castles Apart-
ment Building Corporation, Charles W. Dunlap, M. Mc-
Donald and Merchandise National Bank of Chicago, a

corporation. The persons signing the notice of appeal are Gussie Krickl, Louise Donaldson, Harry Humboldt, H. E. Wright by H. M. Phipps, and H. M. Phipps, none of whom appear to be parties to the suit. While the plaintiff's name purports to be for the use of others no persons are named as usees.

For all essential purposes the complaint is one brought to review several previous cases involving a foreclosure proceeding filed by the Metropolitan Life Insurance Company against Park Castles Apartment Building Corporation and the lessees or tenants occupying the same.

The present suit entitled as above, for the use of undisclosed parties, set out proceedings in detail substantially as follows: (a) the foreclosure complaint, answers, process and decree with deficiency judgment; (b) creditors' bill brought by plaintiff to reach assets of Park Castles Apartment Building Corporation for satisfying the deficiency judgment, and answers and cross complaint filed to this bill; (c) a cross complaint in the creditors' suit which alleged the foreclosure decree was void because the tenants, who held under long-term leases, were owners having a homestead interest and were not made parties, and (d) a garnishment proceeding to reach funds of H. M. Phipps, deposited in escrow by Park Castles Apartment Building Corporation, to apply upon a judgment against him. The cross complaint was stricken by order of court, and an appeal to this court (No. 25607) was dismissed upon motion of appellee. The prayer of the creditors' bill was granted by the court.

After the creditors' bill was filed H. M. Phipps was employed by the Park Castles Apartment Building Corporation and a portion of his retainer fee was deposited in escrow. Numerous substitutions of counsel were had during the course of the proceeding. Phipps was discharged as counsel, and by order of court the escrow money was directed to be paid to the Park Castles Apart-

ment Building Corporation. All of these proceedings and the numerous orders and exhibits are made a part of the complaint. The prayer is to hold the foreclosure void; to order an accounting to enable each apartment owner to redeem in case the mortgage lien is held valid; to hold void the judgment in the garnishment case; to order the retainer fee restored to the possession of the escrow agent, and to determine who represents the apartment owners.

To this complaint the Metropolitan Life Insurance Company interposed a verified motion to dismiss because H. M. Phipps had never been employed by it as attorney and had no authority to file the suit, and the words added "for the use, etc." did not show any usees interested in such a suit. Phipps then made a motion for change of venue from the trial judge, and nineteen other superior court judges were alleged to be disqualified. The superior court denied the change of venue and dismissed the suit because it was filed without authority.

Appellants assign as ground for reversal the action of the trial court in refusing a change of venue and in dismissing the case because it was filed without authority. No suggestion is made showing this court has jurisdiction, and an exhaustive search of the record fails to disclose any ground upon which we could retain jurisdiction. Neither a construction of the constitution nor the validity of a statute is involved, and the issue upon which the court dismissed the complaint does not involve a freehold, or other ground giving this court jurisdiction. If the judgment were reversed the defendants would still have a right to answer the complaint. It is clear this court is without jurisdiction, and accordingly the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*